IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG JOHN CHISHOLM,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY<br><br><br><br>Case No. 1:10-CR-84 TS |

This matter is before the Court on correspondence from the Defendant that Defendant requests be liberally construed as a Motion for Return of Seized Property.[1]  For the reasons discussed below, the Court will grant in part and deny in part Defendant's Motion.

I.  BACKGROUND

On August 31, 2011, Defendant was charged by Felony Information.  The Information contained three counts, namely, felon in possession of a firearm, possession of methamphetamine

---

[1] Docket No. 83.

1

with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense.[2] Defendant pleaded guilty to all counts of the Information. On January 26, 2013, Defendant was sentenced to 200 months in the custody of the Bureau of Prisons to be followed by 60 months of supervised release.

Pursuant to the Information, the Government sought forfeiture of the following: a Smith & Wesson 40-caliber handgun with no serial number; a Hipoint CF380, 380-caliber pistol, serial number P891327; a Kahr Arms CW9, 9mm pistol with no serial number; a Markarov P64, 9mm pistol, serial ES11898; associated ammunition, holsters, clips and accessories; and $11,708 in United States currency. A preliminary order of forfeiture was granted as to those items.[3] No claims were made against the items provided in the preliminary order of forfeiture and, at the time of sentencing, forfeiture was granted as to those items. Defendant filed the instant Motion on January 29, 2013.

## II.  DISCUSSION

Through this Motion, Defendant seeks the return of the following personal property: a Hewlett Packard Laptop; an HTC HERO laptop; key chains and keys; a birth certificate for Craig John Chisholm; and, a birth certificate for Jaci Lynn Nicks.

The Court reads Defendant's Motion liberally because he is acting pro se.[4] It is clear that the Government is "permitted to seize evidence for use in investigations and trial. Nevertheless,

---

[2]Docket No. 63.

[3]Docket No. 72.

[4]*See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972).

the [G]overnment may not by exercising its power to seize, effect a de facto forfeiture by retaining the property seized indefinitely."[5]  Pursuant to Federal Rule of Criminal Procedure 41(g): "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Such a motion must be filed in the district where the property was seized and the Court must receive evidence on any factual issue necessary to decide the motion.[6]

Here, it is undisputed that the property in question was seized in this district.  Moreover, the Government does not argue that the property at issue is subject to forfeiture.  Thus, there is not a factual dispute regarding Defendant's ownership of the property in question.  The Court will therefore grant Defendant's Motion to the extent it seeks the return of property not properly forfeited that is still in the Government's possession.

However, the Court would note that "[w]hile an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison."[7]  For this reason, the Court will deny Defendant's Motion to the extent it seeks an order directing the Bureau of Prisons to release his personal property to a third-party.  If Defendant desires that the Bureau of Prisons take an action in regards to his personal effects, his proper recourse is through the administrative channels provided by the Bureau of Prisons.

---

[5]*United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212–13 (10th Cir. 2001) (internal quotation marks and citations omitted).

[6]*See* Fed. R. Crim. P. 41(g).

[7]*Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002).

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Return of Seized Property (Docket No. 83) is GRANTED IN PART AND DENIED IN PART.

DATED   February 20, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge