IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CRAIG JOHN CHISHOLM,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELIEF PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 36<br><br><br>Case No. 1:10-CR-84 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Relief Pursuant to Federal Rule of Criminal Procedure 36. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

On July 21, 2010, Defendant Craig John Chisholm was charged in an Indictment with possession of methamphetamine with intent to distribute, possession of heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm.  On August 18, 2010, Defendant was named in a Superseding Indictment, which contained additional charges of possession of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession of a firearm.  A Felony Information was filed on August 31, 2011, charging Defendant with being a felon in possession of a firearm, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense.

1

Defendant pleaded guilty to the charges contained in the Felony Information on August 31, 2011.  As part of his plea agreement, Defendant "knowingly, voluntarily, and expressly waive[d] [his] right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[1]

Defendant was sentenced, on January 26, 2012, to a term of imprisonment of 200 months.  Judgment was entered the following day.  Defendant did not pursue direct appeal, but he did file a motion under § 2255 on January 30, 2013.  The Court denied Defendant's § 2255 motion on February 20, 2013.

Defendant filed the instant Motion on February 26, 2015.  In his Motion, Defendant argues that his presentence report incorrectly assessed two criminal history points under United States Sentencing Guideline § 4A1.1(d).  Defendant argues that this purported error resulted in an increased term of incarceration and has an adverse impact on his treatment by the Bureau of Prisons.

## II.  DISCUSSION

Defendant seeks substantive amendment of his sentence.  Because Defendant's Motion attacks the validity of his sentence, the Court construes Defendant's Motion as one brought pursuant to 28 U.S.C. § 2255.[2]  However, as stated, Defendant has already brought a § 2255

---

[1] Docket No. 67, at 5.

[2] *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997); 28 U.S.C. § 2255(a).

motion. Therefore, the Court construes the instant Motion as a second or successive § 2255 motion.[3]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[4] "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[5] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[6]

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[7]

---

[3] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the recharacterization will not prejudice the Defendant because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Additionally, since this is Defendant's second § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

[4] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

[5] *Id.* at 1251.

[6] *See* 28 U.S.C. § 1631.

[7] *In re Cline*, 531 F.3d at 1251.

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion. Defendant's claims would be time-barred under 28 U.S.C. § 2255(f). Defendant's claims are not likely to have merit, as Defendant has waived his right to assert such claims. Finally, the Court finds that Defendant's claims were not filed in good faith as the Court has already explained that he waived the right to bring a collateral attack. Therefore, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

Even considering Defendant's Motion under Rule 36, it fails. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 gives the court authority to correct clerical-type errors, but does not give the court authority to substantively modify a Defendant's sentence."[8] "Rule 36 does not authorize substantive sentencing modification."[9]

Defendant requests the Court substantively modify his sentence. Rule 36 does not permit such relief. Therefore, the Court must deny Defendant's Motion.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Relief Pursuant to Federal Rule of Criminal Procedure 36 (Docket No. 86) is DENIED.

---

[8] *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) (citation omitted).
[9] *Id.* at 949.

DATED this 23rd day of March, 2015.

BY THE COURT:

Ted Stewart
United States District Judge